Judge Owsley
delivered (he Opinion of tlie Court.
James D. Breekenridge and Buggies Whiting, having become endorsers for Johnston, to the bank of the United Slates, for twelve thousand' dollars, Johnston, on the i 2th of November, ISIS, executed to Breekenridge a deed of conveyance for a lot of ground, number nine, in the town of Louisville., in trust to secure and indemnify Breekenridge against; his-endorsements, and such other endorsements, ac *373 ceptances and obligations as Breckenridge had previously corns under, or might thereafter make, or come under for Johnston.
Breckenridge authorized by the mortgage to sell.
Part of the property soli by Breckenridge, and conveyed by-hind & Johnston to Beall, and by Beall re-convcycd' in trust to secure (he purchase money.
Sale and conveyance to Breckenridge under Beall’s deed of trust, by the trustoe.
Breckenridge released from the endorsement for which the mortgage was made.
Judgmonts against Beall for the purchase money, in favor of Breckenridge.
Assignment of one of the judgments to appellees.
Beall’s bill to be releived from these judgments on the ground of set oil’against Juhnson. .
*373 By a clause in this deed Breckenridge. was empowered, in case the purposes of the'trust should make it necessary, to sell any part or the whole of the lot, and convey the same to the purchaser.
Accordingly, on the 13th of September, 1819, in pursuance of the. directions contained in the deed of trust, Breckenridge sold part of the lot to Samuel T. Beall, for the price of ten hundred and forty dollars, and received Beall’s notes for the amount. On the. same day Breckenridge and Johnston con veyed to Beall that part of the lot purchased by him, and Beall thereupon conveyed the same to William T. Gault in trust, to secure the payment of the notes, which he had given to Breckenridge for the purchase money.
In pursuance of a clause contained in this deed of trust, the lot was afterwards exposed to public sale by Gault, and Breckenridge became the purchaser at the price of one hundred and fifty dollars, to whom Gault immediately made a conveyance by deed, bearing date the 29th of January, 1820.
After this the Bank, Breckenridge, Johnston and Whiting came to an arrangement by which Brerkenridge was released from his endorsement for Johnston to the bank.
During all this time the price which Beall was to give fer tile lot, and for which he had executed his notes to Breckenridge, remained unpaid; but suits were afterwards brought upon the notes and judgments at law recovered against Beall.
One of these judgments amounting to six hundred and thirteen dollars and eighty-eight and an half cents, was assigned by Breckenridge to Southard and Starr, and by them assigned to Squires and Syllirnan.
To he releived from these judgments, Beall exhibited his bill in equity u ith injunction, and after setting forth the preceding facts, alleges that pri- or to the execution of the deed of trust by Johnston to Breckenridge, under,which the sale was siade by Breckenridge to him, Johnston liad, execu *374 feci io-iiim, Beal!, six promisory notes, each for Urn, S-nm of seven hundred dollars, payable successively at the end of one, two, three, four, five and six years, and that each of these notes remain unpaid. The bill makes Breckenridge, Johnston, Squires and Sylliman defendents, and after charging that Johnston is willing to have so much of the debts owing by him to Beall, as may be necessary for that purpose applied to the satisfaction, of the judgments recovered by Brecke-nridge, prays for a decree to be pronounced making such an application of the debts &c,
Breckcnridge’s answ r alleging he had paid money as Johnson’s security in oth- or cases embraced by ibc mortgage.
Answer of Squires and Sylliman.
3 ohnsoa’s answer.
Decree of the circuit court.
Assignee of a judgment recovered by ¿ho trustee for the sate money, after the purposes of the trust have been aecotnpiishefl without the fund, holds it subject to any equity the debtor may have against tbe grantorin trust,to whom the benefit of the judgment results.
*374 Breckenridge answered, insisting., that the debts which Beall lias against Johnston, should not in a court of equity be applied to the satisfaction of the judgments which be has .recovered at ia.w. In addition to the facts already mentioned, he states, that Johnston is greatly indebted to him for money which he has advanced, as Johnston’s surety and otherwise, and protests against the judgments against Beall being applied to the satisfaction of any debts owing by Johnston to others, until he is reimbursed the, money he has been compelled to pay &c.
Squires and Sylliman profess to know nothing of the transactions between Beal), Johnston and Breekenridge, and put Beall upon the proof of the facts charged in his bill.
Johnston denies that he is willing for the judgments recovered by Brecke-nridge to be applied in the manner desired by Beall. He states that he would have been willing to have such an application made of the judgments, if in relation to other matters Beall liad done what he desired him to do, but which Beall failed and refused to do.
The court below dismissed Beall’s bill absolutely, as to Squires qnd Sylliman, and as to them dissolved the injunction, with damages and cost; but by the decree, the dismission was to be without any prejudice as to any claim which Beall may have against Breckenridge and Johnston.
From that decree Beall appealed.
The circumstance of the notes, upon which the judgments at law were recovered against Beall, having been given to .Breckenridge, should not, we ap *375 prebend, protect the assignees of the judgment, ágainst any equity, wbjch Beall may have had against Johnson, before the judgment was assigned. Though executed to Breckenridge; the notes Were given for the purchase of property, held by him in trust for'Johnston, and after the purposes of the trust were satisfied, Johnston unquestionably became, in- equity and good conscience, entitled to the beneficial interest in the notes.
Cestui que trust of th< j udgmc.nt is regarded as the real creil itur.
Set oft' in e* quity is not allowed where,there is no connection between the demands and no extraneous circumstance. nmi - ing it necessary fur the justice.
*375 Breckenridge, it is true, alleges that in consequence of liabilities which lie came under for Johnston, ho has been compelled to pay large sums of money, for which Johnston is still indebted to him, and if so, as the deed of trust under which the sale was made to Beall, was executed by Johnston to secure arid indemnify Breckenridge against all liabilities which he had or might come under, it would be palpably unjust, to compel either Breckenridge or his assignees to part with their judgments, until the debts owing by Johnston to Breckenridge are satisfied.
But the allegations of Breckenridge in that respect, are not supported by the proof in the cause. The evidence, in our opinion, is insufficient to prove the existence of any debt from Johnston to Breckenridge, or any liability which the latter has come under for the former.
Under these circumstances, therefore, the notes which were given by Beall for the purchase of the lot held by Breckenridge in trust for Johnston, must he treated as debts to which Johnston was beneficially entitled, so as to afford the same redress to Beall for any equity which he may have had before the assignment of the judgment, that might have been obtained, if the notes had been given to Johnston.
But reserving to Beall all the equity to which he could have been entitled if the notes liad been executed, and the judgments recovered in the name of Johnston, still, we apprehend, that he has made out no good cause for relief in a court of equity. Bis case must then he considered in the.light of an application ro have set off against other demands bearing no relation and having no connection, contrary *376 to what has been repeatedly held to be the rule lit cou,'fs of equity, unless by extraneous matter the aid of the court is made necessary to the attainment justice. Notiiing of the sort is, however, made to appear in the present case.
Damages &o.
Bibb for appellant; Denny, Attorney General, for appellee.
The only circumstance even alleged by Beall in bis bill, is that wherein he states a willingness on the part of Johnston to have the judgments satisfied by an application of an equal amount of the debts owing by him; but in his answer Johnston'denies that he is willing for such an application to be made, and the record is entirely destitute of proof upon the subject.
It was, therefore, proper to leave Beall to his remedy at law; and consequently the court below was correct in dissolving his injunction with damages and cost, and in dismissing his bill absolutely as to Squires and Syliiman.
The decree must, therefore, be affirmed, with' cost, and damages upon the damages decreed by that court.